UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MATTHEW TRAVIS HOUSTON,<br><br>             Petitioner,<br><br>v.<br><br>JEREMY BEAN, *et al.,*<br><br>             Respondents. | Case No.: 2:25-cv-02267-APG<br><br>**Order Denying<br>Motion Seeking Leave to File<br>and Dismissing Case**<br><br>(ECF Nos. 1, 9) |

This action was initiated, *pro se*, on November 17, 2025, as a petition for a writ of habeas corpus under 28 U.S.C. § 2254, by Matthew Travis Houston, who is incarcerated at Nevada's High Desert State Prison. ECF No. 1-1. Houston seeks to challenge an aggravated stalking conviction entered on December 8, 2021, in Nevada's Eighth Judicial District Court (Clark County). *Id*.

Houston has filed an application to proceed *in forma pauperis*. ECF No. 4. The information provided in the *in forma pauperis* application indicates that Houston is unable to pay the filing fee for this action. Therefore, I will grant Houston's *in forma pauperis* application. Houston will not be required to pay the filing fee for this action.

Houston has been identified as a vexatious litigant in this Court and is subject to a prefiling injunction. *Houston v. Encore Event Technologies*, *et al.*, 2:22-cv-01740-JAD-EJY, ECF No. 30. The prefiling injunction is as follows:

> IT IS ORDERED that Matthew T. Houston is a vexatious litigant who is therefore ENJOINED and PROHIBITED under 28 U.S.C. § 1651(a) from commencing a new action with a case-initiation document (whether complaint, petition, or otherwise) that contains, attaches, or incorporates filings from Houston's other cases in this district or in the Nevada state courts without first obtaining prefiling permission from the Chief Judge of this district. This means

that, if Houston desires to file a new action in the United States District Court for the District of Nevada using any pages he has already filed in another case, he must first:

- Apply to the Chief Judge of this district for leave to file the document by submitting to the clerk's office an application bearing the title "Application to Chief District Judge Seeking Leave to File."

- That application must be supported by a declaration from Houston, made under penalty of perjury, stating that: (1) the matters asserted in the new complaint or petition are different from those asserted in the actions he has previously filed in this district; (2) the new claim or claims are not frivolous or made in bad faith; (3) he has conducted a reasonable investigation of the facts and such investigation supports the claim or claims.

- And Houston must attach a copy of this order to any such application.

Failure to fully comply with this order will constitute sufficient grounds for denial of the application.

*Id*. at 8–9. I have examined Houston's filings in this action, and I determine that the prefiling injunction is applicable and that this is precisely the sort of abusive litigation meant to be curtailed by that injunction. I will therefore deny Houston's motion for leave to file his petition in this action (ECF Nos. 1, 9), and I will dismiss this action without prejudice.

Moreover, I take judicial notice of the proceedings in Houston's two most recent habeas actions before this one—his two most recent of many: *Houston v. Bean*, ECF No. 3:24-cv-00605-ART-CLB, and *Houston v. Bean*, 2:25-cv-00836-APG. Both of those actions were dismissed, in part at least, because Houston did not demonstrate that he has exhausted any claim for habeas corpus relief in state court. It is clear from Houston's proposed petition in this case that this remains the case. Houston states, with respect to the status of his state habeas action: "The briefing schedule for the Direct Appeal was reinstated and remanded/reversed to the EJDC for evidentiary hearings on x2 claims." ECF No. 1-1 at 1. That indicates that Houston's state

2

court proceedings remain pending, and that he has not exhausted any claim for habeas corpus relief in state court. This action will be dismissed without prejudice for that reason as well.

**I THEREFORE ORDER** that Petitioner's Application to Proceed *in Forma Pauperis* **(ECF No. 4) is GRANTED**. Petitioner will not be required to pay the filing fee for this action.

**I FURTHER ORDER** that Petitioner's Motion to Chief Judge Seeking Leave to File **(ECF Nos. 1, 9) is DENIED**.

**I FURTHER ORDER** that all other motions **(ECF Nos. 3, 5, 7, 8) are DENIED**.

**I FURTHER ORDER** that this action is **DISMISSED WITHOUT PREJUDICE**.

I deny Houston a certificate of appealability because jurists of reason would not find it debatable whether I am correct in this ruling. The Clerk of Court is kindly directed to enter judgment accordingly and close this case.

**I FURTHER ORDER** that no further filings will be accepted in this case except a notice of appeal should Petitioner seek to appeal.

DATED:  December 15, 2025

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE